Filed 9/25/24  P. v. Norris CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>BRITTNEY JANNA NORRIS,<br><br>Defendant and Appellant. | F087045<br><br>(Super. Ct. No. 06CM0787HTA)<br><br>**OPINION** |

**THE COURT**\*

APPEAL from an order of the Superior Court of Kings County.  Valerie R. Chrissakis, Judge.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Detjen, Acting P. J., Peña, J. and Meehan, J.

Appellate counsel for defendant Brittney Janna Norris has filed an opening brief summarizing the pertinent facts and raising no issues but asking this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) The opening brief also includes a declaration from appellate counsel stating defendant was advised of her right to file a brief of her own with this court. By letter dated July 1, 2024, we also invited defendant to submit additional briefing. Defendant has not filed a response.

Pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record. Following our Supreme Court's direction in *Kelly*, we provide a brief description of the facts and the procedural history of the case. (*Kelly*, at p. 110.) Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

## PROCEDURAL SUMMARY

An information filed on May 26, 2006, charged defendant with two counts of murder (Pen. Code,[1] § 187, subd. (a)). Both counts in the information also alleged defendant discharged a firearm causing death (§ 12022.53, subd. (d)), personally and intentionally discharged a firearm (§ 12022.53, subd. (c)), and personally used a firearm (§§ 12022.5, subd. (a)(1) & 12022.53, subd. (b)). Finally, the information alleged counts 1 and 2 involved special circumstances within the meaning of section 190.2, subdivision (a)(3).

On June 9, 2006, defendant pled guilty to both counts and admitted the crimes were committed with premeditation and deliberation. Defendant also admitted at this time that, as to count 1, she personally used a firearm within the meaning of section 12022.5, subdivision (a)(1).

On July 24, 2006, consistent with the plea agreement, the trial court sentenced defendant to 25 years to life on count 1 and added a consecutive term of 10 years for the

---

[1] All further statutory references are to the Penal Code.

firearm enhancement. As to count 2, the court imposed a concurrent term of 25 years to life, resulting in a total sentence of 35 years to life. The usual fines and fees were then imposed, and defendant was awarded presentence credits against her total sentence. Finally, the minute order entered for this date also stated that defendant was waiving her appellate rights.

On May 9, 2023, appellant filed a motion to recall her sentence, citing section 1170, subdivision (d)(1). Defendant's motion argued that because she committed the underlying crimes at the age of 14, and was functionally serving a life without parole (LWOP) term, she was eligible for resentencing under section 1170, subdivision (d)(1) once she served 15 years of incarceration. Defendant filed an additional request that if the sentence was recalled, her case should be certified and moved to juvenile court.

On October 3, 2023, the trial court denied defendant's motion to recall her sentence, and declared the request to certify and move her case to juvenile court was moot.[2] On October 18, 2023, defendant filed a notice of appeal seeking a review of the denial of her section 1170, subdivision (d)(1) petition.

## FACTUAL SUMMARY

This summary is taken from the presentation of the factual basis for the plea taken on June 9, 2006, and the probation report.

On March 6, 2006, defendant shot her mother Regina Yvette Powell in the back of the head, causing her death. Defendant then stepped over her mother, went into a bedroom, and shot her mother's boyfriend, Lawrence Craig Norris, in the back of his head while he was sleeping, also causing his death. Both deaths were committed with premeditation and deliberation and were accomplished by using a .32-caliber handgun.

---

[2] Various minute orders which are part of the record reference the fact a hearing would be held pursuant to *People v. Franklin* (2016) 63 Cal.4th 261. Any ruling following a *Franklin* hearing is not part of the record before this court.

3.

When asked by the trial court, defendant agreed that these were the facts that occurred on March 6, 2006, supporting the plea agreement.

## DISCUSSION

Having carefully reviewed the entire record, we conclude there are no arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d at pp. 441–443.) We briefly address, however, defendant's claim made in the trial court that she was entitled to a recall of her sentence under section 1170, subdivision (d)(1).

The relevant language of section 1170, subdivision (d)(1)(A), provides:

> "When a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to imprisonment for life *without the possibility of parole* has been incarcerated for at least 15 years, the defendant may submit to the sentencing court a petition for recall and resentencing." (§ 1170, subd. (d)(1)(A), emphasis added.)

The sentence imposed on defendant in 2006 was 35 years to life. Defendant argued in her petition in the trial court that because she would be 49 years of age by the time she was first eligible for parole the sentence she received was "functionally" a LWOP term. Case law has not supported this particular interpretation of the language of section 1170, subdivision (d)(1), for a sentence that is not near or beyond the juvenile's life expectancy. (See *People v. Carter* (2018) 26 Cal.App.5th 985, 990, 995 [the People conceded a sentence of 55 years to life imposed on a 17 year old was functionally the equivalent of LWOP]; *People v. Heard* (2022) 83 Cal.App.5th 608, 614, 629 [the defendant's sentence of 23 years plus 80 years to life was the functional equivalent of LWOP].)

"Statutory construction begins with the plain, commonsense meaning of the words in the statute, ' "because it is generally the most reliable indicator of legislative intent and purpose." ' " (*People v. Manzo* (2012) 53 Cal.4th 880, 885.) " 'If there is no ambiguity or uncertainty in the language, the Legislature is presumed to have meant what it said .…' " (*People v. Skiles* (2011) 51 Cal.4th 1178, 1185.) Based on the clear language

of the statute, this particular statutory avenue is not available to defendant to reduce her sentence.

## <u>DISPOSITION</u>

The order denying defendant's motion to recall her sentence is affirmed.